UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATRICK L. WYATT,   ]
   ]
   Plaintiff,   ]
   ]
v.   ]   NO.: 1:20-CV-3198
   ]
FIVE STAR TECHNOLOGY   ]
SOLUTIONS, LLC,   ]
   ]
   Defendant.   ]

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Patrick L. Wyatt, for cause of action against the Defendant Five Star Technology Solutions, LLC, alleges and says:

1. This is an action for employment discrimination.

2. The plaintiff is a citizen resident of the County of Marion in the State of Indiana.

3. The defendant is Five Star Technology Solutions, LLC, an Indiana entity that operates and maintains its business offices at 3310 E. 10th St., Suite 4, #358, Jeffersonville, IN 47130.

4. The plaintiff was employed by the defendant as an engineer and Director with engineering duties at its offices at 8757 Old State Road 60, Sellersburg, IN 47172 and worked from his home (1233 Teal Point Ct., Indianapolis, IN) or at business cites as directed by defendant. At all times material to this action, plaintiff's address is 1300 E. 86th, STE 36A, P.O. Box 40331, Indianapolis, IN 46240.

5. The plaintiff was at all times material to this action was but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff beginning on or before, May, 2019 and continuing through and including the month of December, 2019. The plaintiff was terminated by the defendant on December 3, 2019.

7. The defendant is not a federal governmental agency, and the plaintiff filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Employment Opportunity Commission (EEOC), on or about January, 2020. A copy of the findings of the agency ['Notice of Suit Rights', dated September 16, 2020] (Attachment A) issued to the Plaintiff as is a copy of Plaintiff's EEOC Complaint (Attachment B). The latter notice was received on or after September 19, 2020.

8. The defendant discriminated against the plaintiff because of the plaintiff's Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981) and Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981).

9. Jurisdiction over the statutory violation alleged is conferred by 28 U.S.C.1331, 28 U.S.C. 1343(a)(3), and 42 U.S.C.2000e-5(f)(3); 29 U.S.C. 791 and by 42 U.S.C. 2117.

10. The defendant terminated the plaintiff's employment after it failed to protect him against the racial animus instigated against him by defendant's Chief Operating Officer (white male) and fellow employees in his division. The defendant failed to maintain a system of non-discriminatory employment opportunities and retaliated against the plaintiff because the plaintiff did acted to assert and protest the discriminatory acts taken against him and to assert rights protected by the laws identified in paragraphs 8 and 9 above.

11. The facts supporting the plaintiff's claim of discrimination are as that the defendant through its directors, supervisors and employees organized a false information campaign against the plaintiff in order to affect his performance reviews and to cause his termination. The negative

performance review was proven to have been based on lies and anonymous detrimental feed-back information contrary to plaintiff's actual performance. Fellow employees and the chief operating officer withheld information critical to the performance of his duties for the plaintiff. The allegations made in the false performance review were proven to be untrue by the plaintiff and the fictitious review was withdrawn, or plaintiff was misled to believe that it had been withdrawn and debunked.

The defendant and its agents and employees increased their efforts to cause plaintiff's dismissal including attempts to sabotage plaintiff's work quality. Plaintiff had been forced to endure having posters of a rap musician placed on the break room walls, confederate flags and memorabilia in the office and on social media sites. Plaintiff was referred to by fellow employees as 'P Dub', in reference to a Black rap artist which acts were/was intended to be and actually was offensive to the plaintiff. The defendant encouraged the acts which contributed to the hostile work environment against plaintiff's comfort and with the intent to cause his termination.

The defendant provided plaintiff with lodging for work trips that was inferior to that provided to his white co-workers performing the same or similar duties for the defendant. Defendant and its agents failed to communicate with the plaintiff in a business-like manner and failed to respond to his requests for time off.

Defendant knowingly allowed the employees who worked with plaintiff to harass him after the false engineering review was proven to be false. On December 3, 2019, plaintiff was terminated with a promise of severance pay through April, 2020. The severance pay was terminated when the plaintiff received notice of the discrimination and retaliation complaint was given to it by the EEOC in January, 2020.

Since receiving the EEOC complaint, defendant engaged agents to threaten the plaintiff with law suits and other actions based upon a false claim that plaintiff had made derogatory statements against the plaintiff. The said agent / attorneys for the defendant threatened plaintiff with criminal actions, civil lawsuits and accused him of tortious interference with a legitimate basis in fact.

As a result of which conduct, plaintiff has suffered lost wages, damage to his professional standing and reputation, threats against his person and future employment, suits for engaging in the EEO process and for resisting the discriminatory practices employed against him, emotional distress and unnecessary pain and suffering as a result of defendant's intentional conduct.

12. The plaintiff demands that the case be tried by a jury.

WHEREFORE, the plaintiff prays that the Court grant the following relief to the plaintiff: to direct the defendant to cease its retaliatory actions engaged in since the filing of his complaint with the EEOC, the grant of appropriate injunctive relief, compensation for lost wages, compensatory and punitive damages; prejudgment interest; post-judgment interest; and costs, including reasonable attorney fees, costs of this action and such other relief as the Court may find appropriate.

Respectfully submitted,

_____
Patrick L. Wyatt
Plaintiff

**This Complaint Prepared By:**

Aaron E. Haith (7378-49)
425 E. Walnut St.
Indianapolis, IN 46202
Office:        317-634-3113
Facsimile:   317-639-2115
ahaith@sbcglobal.net