UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK L. WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-03198-JMS-TAB |
| | ) |
| FIVE STAR TECHNOLOGY SOLUTIONS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

**I.     Introduction**

Defendant Five Star Technology Solutions, LLC, seeks an order from the Court requiring Plaintiff Patrick L. Wyatt to show cause "for relief from Plaintiff's ongoing and relentless harassment on Defendant while this litigation is pending." [Filing No. 18, at ECF p. 1.] As set forth below, Plaintiff has harassed and threatened Defendant's business and employees through telephone calls, emails, and social media while this litigation is pending. Plaintiff's conduct is unacceptable, and warrants sanctions through the Court's inherent authority to manage proceedings before it. Accordingly, Defendant's motion should be granted. Plaintiff should be admonished for his actions and required to pay Defendant's resulting costs and fees for having to file this motion.

**II.     Discussion**

On December 3, 2019, Defendant terminated Plaintiff's employment.  [Filing No. 1, at ECF p. 2.]  In January 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. [Filing No. 1, at ECF p. 2.]  Beginning in June 2020, Defendant alleges that Plaintiff, via a Twitter account:

> engaged in a harassment campaign against Five Star, which included: (1) disclosure of Five Star's domain and IP address along with emoji's displaying images of bombs; (2) disclosing proprietary information regarding Five Star's customers; and (3) targeting substantially similar Twitter activity towards the friends and family of Five Star employees.

[Filing No. 18, at ECF p. 2.]  Defendant sent Plaintiff cease and desist letters in September and November 2020.  [Filing No. 18-1; Filing No, 18-2.]  However, Plaintiff's actions continued.

Plaintiff filed his complaint in this action on December 14, 2020.  [Filing No. 1.]  On December 21, 2020, Defendant received 14 telephone calls from Plaintiff impersonating one of Defendant's partner corporations.  [Filing No. 18-4, at ECF p. 2, 4.]  On January 7, 2021, Defendant received an additional 9 calls from the same number belonging to Plaintiff.  [Filing No. 18-4, at ECF p. 3, 5.]  Defendant received and documented additional harassing communications from Plaintiff through emails and social media accounts throughout January 2021.  [Filing No. 18, at ECF p. 3-4.]

On January 28, 2021, Defendant filed the instant motion for order to show cause.  [Filing No. 18.]  Defendant requested that the Court "enter an order to show cause why Plaintiff should not be barred from continuing his repeated and egregious harassment during the pendency of this litigation."  [Filing No. 18, at ECF p. 5.]  On February 12, 2021, Defendant filed its first reply to note that Plaintiff had failed to timely file a response.  [Filing No. 19.]  Plaintiff eventually responded on February 18, 2021.  [Filing No. 31.]  In his response, Plaintiff admitted to much of

2

the conduct at issue but insisted that his conduct was permissible, and that Defendant was misleading the Court. [Filing No. 31, at ECF p. 2.] Attached to Plaintiff's response was a purported declaration from Plaintiff, but it was unsigned. [Filing No. 31-1.] Based on this significant omission, Defendant argued (in a second reply) that the declaration should be stricken. [Filing No. 33.] Defendant also maintained Plaintiff's response was "entirely void of any remorse or acknowledgement that his conduct has caused substantial harm and cost to Defendant." [Filing No. 33, at ECF p. 1.]

On March 1, 2021, Defendant's counsel filed a motion to withdraw the unsigned declaration and substitute the same document with the signed version due to counsel's error. [Filing No. 35.] The Court held a telephonic status conference on March 4, 2021, at which it confirmed that Plaintiff had ceased any misconduct and admonished Plaintiff about engaging in any such additional conduct. [Filing No. 39.][1] Defendant argues that while Plaintiff ceased his conduct, "the fact remains that [Defendant] sustained substantial harm, leaving it no other option than to seek court intervention and incur significant costs in doing so." [Filing No. 40, at ECF p. 1-2.]

Federal district courts have the inherent power to manage proceedings and sanction conduct. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 114 L. Ed. 2d 27 (1991) ("It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others. For this reason, Courts of

---

[1] While the Court denied the motion to strike, it allowed Defendant additional time to file yet another reply brief in light of the Court's willingness to consider Plaintiff's affidavit. [Filing No. 39.] Thus, on March 11, 2021, Defendant submitted its third reply brief on this matter. [Filing No. 40.]

3

justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." (Internal citations, quotation marks, and brackets omitted)); *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." (Internal citation and quotation marks omitted)); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("Apart from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct. . . . Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith.").

Here, Plaintiff's response lacks any remorse or acknowledgement that his conduct has caused substantial harm and cost to Defendant. Plaintiff's declaration largely focuses on his Twitter activity and why he feels it was not harassment or breaking any confidentiality agreement. [Filing No. 31-1, at ECF p. 1-5.] However, Plaintiff also admits to acting out of anger and "not heeding counsel's instructions to stop contacting them." [Filing No. 31-1, at ECF p. 4.] In addition, Plaintiff admits to calling Defendant and claiming to be someone other than himself. [Filing No. 31-1, at ECF p. 3.]

Plaintiff's own admissions amount to sanctionable conduct, and the Court has little difficulty concluding Plaintiff committed the other conduct of which Defendant complains. By any account, Plaintiff has repeatedly, incessantly, and inappropriately contacted Defendant and

4

its employees, partners, and family members through various means.  The record reflects that Plaintiff's conduct was willful.  The Court made it clear to Plaintiff during the March 4, 2021, telephonic status conference that his conduct was not appropriate and admonished him about engaging in any such additional conduct.  [Filing No. 39.]  Courts in other jurisdictions have concluded that similar conduct is sanctionable.  *See, e.g., Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433717, at *13 (N. D. Ill. July 2, 2002) (sanctioning litigant who sent opposing party's employees and counsel letters threatening indictments for perjury and obstruction of justice).[2]

Therefore, Plaintiff's conduct is sanctionable.  *See, e.g., Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012) ("Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.").  Possible sanctions range from a verbal admonishment to an award of fees and costs, to dismissal of the lawsuit.  *See, e.g., Chambers*, 501 U.S. at 45, 111 S. Ct. at 2133 ("[O]outright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion.  Consequently, the less severe sanction of an assessment of attorney's fees is

---

[2]  Plaintiff argues that his conduct was permissible under the First Amendment.  [Filing No. 31, at ECF p. 4.]  The Court need not reach these arguments, because, as noted above, Plaintiff admitted to actions which amount to harassment and warrant sanctions.  However, Plaintiff's general assertion of First Amendment protections are flawed.  The First Amendment does not allow a person to make harassing or threatening communications, and the Court's inherent authority to manage proceedings before it provides a basis for admonishing Plaintiff's conduct.  *See, e.g., U.S. v. Parr*, 545 F.3d 491, 496-97 (7th Cir. 2008) ("[T]he First Amendment does not preclude restrictions on certain categories of speech having little or no social value, and threats are one such category."); *Mohammed v. Anderson*, 833 Fed. App'x 651, 655 (7th Cir. 2020) ("Mohammed's contention that his rights under the First Amendment insulate him from litigation sanctions also fails.  Speech during legal proceedings may warrant protection, but the First Amendment does not shield a party from sanctions in a civil lawsuit."), *cert denied*, No. 20-6318, 2021 WL 161069 (U.S. Jan. 19, 2021).

undoubtedly within a court's inherent power as well." (Internal citations and quotation marks omitted)). Selecting an appropriate sanction is a matter within the Court's discretion. *See, e.g., Eckes v. Ocheltree*, No. 2:18-cv-559-JRS-DLP, 2020 WL 1244468, at *2 (S.D. Ind. March 16, 2020) ("Exercising that authority and selecting an appropriate sanction is a matter within the Court's discretion.") However, the sanction imposed generally should be commensurate with the misconduct. *See Fuery*, 900 F.3d at 464 ("[I]issuing a judgment is a powerful sanction and one that should be used judiciously after determining that there is a clear record of contumacious conduct after considering the egregiousness of the conduct in question in relation to all aspects of the judicial process and considering whether less drastic sanctions are available." (Internal citation, quotation marks, and ellipses omitted)); *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003) ("In general the severity of a sanction should be proportioned to the gravity of the offense.").

In the case at hand, Plaintiff's behavior is particularly concerning because it was ongoing and designed to harass or intimidate Defendant and its employees. Moreover, the conduct appears to have continued even after Plaintiff's counsel advised him to stop. On the other hand, the conduct appears to have ceased, though the Court was concerned enough about Plaintiff's misbehavior that it ordered Plaintiff and counsel to appear at a status conference so the Court could directly address the concerns with Plaintiff.

Thus, at this juncture, dismissal is too harsh a sanction. However, Plaintiff's conduct caused Defendant to incur legal costs. Defendant attempted, with no success, to ask Plaintiff to cease his harassing and threatening conduct without Court intervention. Since those actions were unsuccessful, Defendant next sought assistance from the Court by filing the instant motion for order to show cause. [Filing No. 18.] The process of getting this issue resolved has led to

further time and expense, including a telephonic status conference with the Court and the briefing that necessarily stemmed from Defendant's motion.[3]  Accordingly, the magistrate judge recommends that Plaintiff be admonished for his actions and be ordered to reimburse Defendant's costs and expenses necessitated in filing and briefing the instant motion for order to show cause.

### IV.     Conclusion

For reasons stated above, Defendant's motion should be granted.  [Filing No. 18.] Plaintiff's behavior is sanctionable.  Accordingly, the magistrate judge recommends the following relief:

1)   Plaintiff should be admonished for his conduct.

2)   Plaintiff should pay Defendant's costs and fees for having to file and brief the motion for order to show cause.

3)   Plaintiff should be ordered to cease any further harassment of Defendant and Defendant's employees, including via telephone, email, and social media.  Any future such conduct by Plaintiff should result in further sanctions, including possible dismissal of this action.

---

[3] Plaintiff's counsel's conduct also has caused Defendant to incur legal expenses.  Counsel failed to timely submit a response brief, and when he finally did, counsel failed to submit a properly signed affidavit.  As a result, Defendant was needlessly forced to spend additional time on this matter, evidenced by the three reply briefs Defendant filed.  If Defendant files a motion seeking attorneys fees, Plaintiff's counsel may be responsible for fees Defendant incurred as a result of counsel's missteps.

4)   The parties should be ordered to confer and attempt to informally resolve the fees and costs noted above. If they cannot do so, Defendant should be invited to file a fee petition within 28 days of the adoption of this order.[4]

Any objection to the magistrate judge's report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 3/23/2021    _____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[4] Fees incurred for filing a motion for fees and costs are also generally recoverable. *See, e.g.*, *Brehmer v. Rolls Royce Corp.*, No. 1:19-cv-2470-JPH-TAB, 2019 WL 6715387, at *4, n.3 (S.D. Ind. Dec. 10, 2019) ("Fees related to a motion for fees and costs are also reimbursable."); *Nevins v. Med-1 Solutions, LLC*, No. 1:18-cv-763-JMS-MPB, 2018 WL 5118437, at *5 (S.D. Ind. Oct. 22, 2018) ("In a typical fee-shifting scenario, plaintiffs may recover fees incurred during fee litigation." (Internal citations omitted)). Therefore, Plaintiff and his counsel should make every effort to resolve this fee issue without making Defendant file a petition and increase the expenses at issue.