UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK L. WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:20-cv-3198-JMS-MG |
| FIVE STAR TECHNOLOGY ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Five Star Technology Solutions, LLC ("Five Star"), Motion for Sanctions, [Filing No. 52], regarding *pro se* Plaintiff Patrick Wyatt's failure to comply with the Court's prior Order to cease harassing Five Star and its employees, [Filing No. 45]. Five Star's Motion for Sanctions is now ripe for the undersigned's report and recommendation.

### I.
### BACKGROUND

On December 3, 2019, Five Star terminated Mr. Wyatt's employment. [Filing No. 1 at 2.] Mr. Wyatt filed a charge of discrimination with the Equal Employment Opportunity Commission in January 2020. [Filing No. 1 at 2.] On December 14, 2020, Mr. Wyatt filed this action alleging ongoing racial discrimination throughout his employment with Five Star. [Filing No. 1 at 1-2.]. Five Star maintains that its actions were justified and non-discriminatory. [Filing No. 8 at 6-8.]

On January 28, 2021, Five Star filed a Motion for Order to Show Cause, alleging that Mr. Wyatt, via a Twitter account:

> engaged in a harassment campaign against Five Star, which included: (1) disclosure of Five Star's domain and IP address along with emoji's displaying images of bombs; (2) disclosing proprietary information regarding Five Star's customers; and

> (3) targeting substantially similar Twitter activity towards the friends and family of Five Star employees.

[Filing No. 18 at 2.] Five Star sent Mr. Wyatt cease-and-desist letters in September and November 2020. [Filing No. 18-1; Filing No. 18-2.] However, Mr. Wyatt's actions continued. On December 21, 2020, Five Star received 14 telephone calls from Mr. Wyatt impersonating one of Five Star's partner corporations. [Filing No. 18-4 at 2; Filing No. 18-4 at 4.] On January 7, 2021, Five Star received an additional 9 calls from the same number belonging to Mr. Wyatt. [Filing No. 18-4 at 3; Filing No. 18-4 at 5.] Five Star received and documented additional harassing communications from Mr. Wyatt through emails and social media accounts throughout January 2021. [Filing No. 18 at 3-4.]

Five Star then requested that the Court "enter an order to show cause why Mr. Wyatt should not be barred from continuing his repeated and egregious harassment during the pendency of this litigation." [Filing No. 18 at 5.] Mr. Wyatt responded on February 18, 2021 by admitting to much of the conduct, but insisted his actions were permissible. [Filing No. 31 at 2.] Five Star maintained that Mr. Wyatt's response was "entirely void of any remorse or acknowledgement that his conduct has caused substantial harm and cost to Defendant." [Filing No. 33 at 1.]

The Court held a telephonic status conference on March 4, 2021, during which the Court confirmed that Mr. Wyatt had, by that time, ceased any further inappropriate communications and admonished him about engaging in any such further conduct. [Filing No. 39.] Five Star argued that while Mr. Wyatt ceased his conduct, "the fact remains that [Defendant] sustained substantial harm, leaving it no other option than to seek court intervention and incur significant costs in doing so." [Filing No. 40 at 1-2.]

On March 25, 2021, Magistrate Judge Tim Baker issued a Report and Recommendation admonishing Mr. Wyatt's behavior, noting that "Plaintiff's own admissions amount to sanctionable

conduct," and recommended the Court admonish Mr. Wyatt for his conduct, pay Five Star's costs and fees for filing the Motion for Show Cause, order Mr. Wyatt to cease further harassment of Five Star, and order the parties to confer and attempt to informally resolve the fees and costs, and if they cannot, Five Star should file a fee petition. [Filing No. 42 at 4; Filing No. 42 at 7-8.] On April 9, 2021, the Court issued an Order adopting Magistrate Judge Baker's Report and Recommendations. [Filing No. 45 at 2.] The Court ordered Mr. Wyatt to pay Five Star's attorneys' fees in connection with filing and briefing the Show Cause Motion and ordered Mr. Wyatt "cease any further harassment of Five Star and its employees, including via telephone, email, and social media." [Filing No. 45 at 2.]  The Court also "strongly caution[ed] Mr. Wyatt that any future harassing conduct will result in further sanctions, including possible dismissal of this action with prejudice." [Filing No. 45 at 3.]

      Five Star filed the instant Motion for Sanctions on April 29, 2021, [Filing No. 52.]. The Court ordered Mr. Wyatt to respond to the Motion by May 7, 2021, [Filing No. 54], however Mr. Wyatt did not file a response. Five Star argues that Mr. Wyatt's failure to adhere to this Court's prior Order, [Filing No. 45], warrants dismissal of Mr. Wyatt's lawsuit, an award to Five Star of attorneys' fees associated with brining this motion, and a restraining order against Mr. Wyatt from further contact with Five Star or Seyfarth Shaw LLP without Court supervision. [*See generally* Filing No. 52.]

## II.
### DISCUSSION

      The Court is mindful that Mr. Wyatt is proceeding *pro se*, however, it is "well established that pro se litigants are not excused from compliance with procedural rules." *See Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) (observing that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

3

mistakes by those who proceed without counsel") (internal quotation omitted); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

Federal district courts have the inherent power to manage proceedings and sanction conduct. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others. For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.") (internal citations, quotation marks, and alterations omitted); *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") (internal citations and quotation marks omitted). Disruptive behavior is not tolerated. *See Fuery*, 900 F.3d at 463 ("Courts traditionally have broad authority through means other than contempt—such as by . . . entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process.") (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 833 (1994) (alteration omitted)).

**A. Dismissal**

In addition to its inherent authority, a case may be dismissed under Fed. R. Civ. P. Rule 41(b) for failure to follow an order of the court. *See Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994). Under

Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Because the sanction of dismissal with prejudice is severe, district courts resort to it infrequently. *E.g., Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 275 (7th Cir.1986); *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983). Such a sanction is "very harsh" and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998) (per curiam) (internal citation and quotation marks omitted); *Schilling,* 805 F.2d at 275; *Webber,* 721 F.2d at 1069; *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982). These factors include the frequency and magnitude of the plaintiff's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit. *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993). Absent a clear record of delay, contumacious conduct, or prior failed sanctions, "the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." *Schilling,* 805 F.2d at 275.

A court must not only provide an explicit warning before such a dismissal, *see Ball*, 2 F.3d at 760, and must also adequately consider whether dismissal is the appropriate sanction under the circumstances. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000) ("[I]n choosing sanctions available to them under the Federal Rules, [district courts] must consider the circumstances of the individual case and, absent a showing of dilatory behavior, justify imposing the sanction of dismissal."). The Court recognizes that "a sanction of dismissal is a last resort which can only be

employed in rare cases." *Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008). "That doesn't mean, however, that it can never be used." *Id.*

Although the Court conducted a telephonic status conference with Mr. Wyatt, admonishing his harassing behavior, [Filing No. 39], and entered sanctions against Mr. Wyatt warning him that future harassing conduct would incur further sanctions and possible dismissal, [Filing No. 45], Mr. Wyatt's conduct has not stopped.

In Magistrate Judge Baker's Report and Recommendation, [Filing No. 42 at 6], dismissal was deemed too harsh a sanction at that time. While Mr. Wyatt's conduct was concerning, Magistrate Judge Baker noted that the conduct appeared to have stopped, warranting only monetary sanctions and a reprimand about future conduct. [Filing No. 42 at 6-7.] Mr. Wyatt, however, continued his conduct following the Order. On April 28, 2021 and April 29, 2021, counsel of record for Five Star received inappropriate communications via email from Mr. Wyatt. [Filing No. 52-2; Filing No. 52-3.] In the April 28 email, Mr. Wyatt stated, "You protect racists, and you actively work to sustain a structure that upholds systemic racism in this country, and in corporate America. You cannot stop what's coming." [Filing No. 52-2.] He went on to send a blanket reference to ABA Model Rule 8.4, regarding attorney misconduct, on April 29. [Filing No. 52-3.]

Mr. Wyatt's disregard and continued pattern of inappropriate conduct following the warning issued by the Court in its Order, [Filing No. 45], it has become clear that this Court is left with no other option than to sanction Mr. Wyatt more severely. The undersigned recommends dismissal of this action with prejudice.

### B. Monetary Sanction

A sanction may be monetary or nonmonetary, such as a court issuing a public reprimand. *Day v. Northern Indiana Public Service Corp.*, 164 F.3d 382, 385 (7th Cir. 1999). The Court's inherent authority to sanction Mr. Wyatt is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). The Court must use this authority "with restraint and discretion" and only when a party has engaged in "conduct which abuses the judicial process." *Id.* at 44-45. Awards of attorneys' fees—such as those that Five Star requests—are appropriate in circumstances where a party willfully disobeys a court order. *Id.* at 45.

Mr. Wyatt's continued harassing conduct has violated the Court's prior Order and caused Five Star to incur further legal costs with the filing of the instant Motion for Sanctions. Accordingly, the undersigned recommends that Mr. Wyatt be ordered to pay Five Star's attorneys' fees and costs associated with the filing of the instant Motion for Sanctions, [Filing No. 52].

The Court previously ordered Five Star to submit a Report setting forth these attorneys' fees and costs associated with the filing of its Motion for Show Cause. [*See* Filing No. 45 at 2-3.] Five Star has since filed a Motion for Extension of Time, [Filing No. 53], and the Court has granted this extension, [Filing No. 57], suspending the deadline to file their fee petition pending the outcome of the instant Motion for Sanctions. The undersigned recommends Five Star be ordered submit a Report setting forth attorneys' fees and costs associated with the filing of its Motion for Show Cause and the instant Motion for Sanctions.

**C. Mr. Wyatt's Contact with Five Star or Seyfarth Shaw LLP**

Lastly, Five Star requests a restraining order to confine any further contact Mr. Wyatt may have with Five Star or Seyfarth Shaw LLP through Court supervision. [Filing No. 52 at 8.]

As noted in Judge Baker's Report and Recommendations, the First Amendment does not allow a person to make harassing or threatening communications, and the Court's inherent authority to manage proceedings before it provides a basis for admonishing Mr. Wyatt's conduct. *See, e.g., United States v. Parr*, 545 F.3d 491, 496-97 (7th Cir. 2008) ("[T]he First Amendment does not preclude restrictions on certain categories of speech having little or no social value, and threats are one such category."); *Mohammed v. Anderson*, 833 F. App'x 651, 655 (7th Cir. 2020) ("Mohammed's contention that his rights under the First Amendment insulate him from litigation sanctions also fails. Speech during legal proceedings may warrant protection, but the First Amendment does not shield a party from sanctions in a civil lawsuit."), cert denied, 2021 WL 161069 (Jan. 19, 2021).

While an order restraining "any further contact" is outside the purview of the Court's authority to supervise the parties and the proceedings before it, there is enough evidence presented in the record for the undersigned to justify the recommendation that Mr. Wyatt be ordered to cease any further harassment of Five Star, its employees, Seyfarth Shaw LLP, including via telephone, email, and social media in connection with this case.

### III.
#### CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** the Court **GRANT** Defendant Five Star's Motion for Sanctions, [52], to the extent that:

- This action should be **DISMISSED with prejudice**.

- Mr. Wyatt should be **ORDERED** to pay Five Star's attorneys' fees and costs incurred in connection with filing and briefing the Motion for Sanctions, [52], and the Motion for Order to Show Cause, [18]. Absent agreement by the parties as to the amount of those attorneys' fees and costs, Five Star should submit a Report setting forth those attorneys' fees and costs by **June 7, 2021**, and Mr. Wyatt must file any response to the Report (addressing only the amount of attorney's fees and costs) by **June 14, 2021.** No reply is necessary.

- Mr. Wyatt should be **ORDERED** to cease any further harassment of Five Star, its employees, Seyfarth Shaw LLP, and its counsel of record in this instant action, including via telephone, email, and social media.

Any objections to the Magistrate Judge's Report and Recommendations shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b). Failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 5/28/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF: all counsel of record.**

**Distribution via U.S. Mail to**

Mr. Patrick L. Wyatt
8314 Picadilly Lane
Indianapolis, IN 46256