UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK L. WYATT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 1:20-cv-03198-JMS-MG |
| *vs.* ) | |
| ) | |
| FIVE STAR TECHNOLOGY SOLUTIONS, LLC, ) | |
| ) | |
| *Defendant.* ) | |

## **ORDER**

Plaintiff Patrick Wyatt, who is currently proceeding *pro se*, initiated this lawsuit against his former employer, Five Star Technology Solutions, LLC ("Five Star"), alleging claims of employment discrimination. [Filing No. 1.] After multiple and repeated instances of Mr. Wyatt harassing Five Star, its employees, and its counsel, along with his disregard for Court orders, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Court: (1) grant a Motion for Sanctions filed by Five Star; (2) dismiss this case with prejudice; (3) order Mr. Wyatt to pay Five Star's attorneys' fees and costs in connection with the Motion for Sanctions and a Motion for Order to Show Cause; and (4) order Mr. Wyatt to cease harassing Five Star, its employees, and its counsel. [Filing No. 52.] The Court adopted the Report and Recommendation, noting that it would rule on a Petition for Attorneys' Fees and Costs filed by Five Star in due course. [Filing No. 62.] The Petition for Attorneys' Fees and Costs, [Filing No. 59], is now ripe for the Court's decision.

- 2 -

# I.
## BACKGROUND

Mr. Wyatt initiated this litigation in December 2020. [Filing No. 1.] After a pattern of Mr. Wyatt harassing Five Star, its employees, and its counsel, Five Star filed a Motion for Order to Show Cause in which it requested that the Court require Mr. Wyatt to show cause why, among other things, the Court should not order him to cease his harassing conduct. [Filing No. 18.] Mr. Wyatt filed a belated response to Five Star's Motion for Order to Show Cause, and attached an unsigned declaration in support. [Filing No. 31; Filing No. 31-1.] Five Star then filed a reply in support of its motion, [Filing No. 33], and Mr. Wyatt filed a Motion to Withdraw the unsigned affidavit and substitute it with a corrected version, [Filing No. 35]. Five Star opposed Mr. Wyatt's Motion to Withdraw, [Filing No. 36], and the Court granted the Motion to Withdraw but gave Five Star additional time to supplement its reply brief in support of its Motion for Order to Show Cause, [Filing No. 39]. On March 23, 2021, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant Five Star's Motion for Order to Show Cause. [Filing No. 42.] The Court adopted the Report and Recommendation, admonished Mr. Wyatt for his conduct in this case, and ordered him to cease his harassing behavior. [Filing No. 45.] Six days later, Mr. Wyatt's counsel moved to withdraw from the case, stating that his relationship with Mr. Wyatt "has deteriorated to a point that [his] continued representation is no longer reasonable or productive." [Filing No. 46.] The Court granted the Motion to Withdraw, [Filing No. 55], over Five Star's objection, [Filing No. 50].

In the meantime, Five Star filed a Motion for Sanctions in which it set forth continued harassing behavior on Mr. Wyatt's part and requested that the case be dismissed with prejudice as a sanction and that Mr. Wyatt be ordered to pay Five Star's attorneys' fees related to addressing Mr. Wyatt's behavior. [Filing No. 52.] The Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed with prejudice as a sanction for Mr. Wyatt's conduct, and that Mr. Wyatt be ordered to pay Five Star's attorneys' fees and costs incurred in connection with filing and briefing the Motion for Sanctions and the Motion for Order to Show Cause. [Filing No. 58.] Five Star filed a Petition for Attorneys' Fees and Costs, [Filing No. 59], and the Court adopted the Magistrate Judge's Report and Recommendation, [Filing No. 62]. Five Star seeks a total of $46,933.50 in attorneys' fees and $1,877.30 in costs from Mr. Wyatt, and seeks to hold Mr. Wyatt's former counsel responsible for $10,317 of the attorneys' fees it seeks. [Filing No. 59.] Because the Court has already found that Mr. Wyatt is responsible for the attorneys' fees and costs Five Star seeks in its Petition, [Filing No. 62], this Order only addresses the amount of the attorneys' fees and costs that Five Star seeks and whether Mr. Wyatt's former counsel is also responsible for a portion of those attorneys' fees.

## II.
### STANDARD OF REVIEW

Determining what attorneys' fees are reasonable is a "contextual and fact-specific" inquiry. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The party seeking fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. *Fox v. Vice*, 563 U.S. 826, 838 (2011). However, the determination of fees "should not result in a second major litigation," as the essential goal in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id*. (internal quotations and citations omitted). Trial courts should not "become green-

eyeshade accountants," and they "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### III.
#### DISCUSSION

In support of its Petition, Five Star argues that in light of the Court's April 9, 2021 Order, it is entitled to $40,059.50 in attorneys' fees and $1,877.30 in costs from Mr. Wyatt related to its Motion for Order to Show Cause and its Motion for Sanctions, and an additional $6,974.00 in attorneys' fees for preparing the Petition. [Filing No. 59 at 3.] Five Star asserts that the Court should use the lodestar method in analyzing the Petition, and argues that its attorneys' fees are reasonable because the hourly rates of its attorneys – which range from $470/hour to $555/hour – "are consistent with fee awards previously granted by this district." [Filing No. 59 at 4-5.] As far as the amount of time spent, Five Star seeks billed amounts for 83.7 hours. [Filing No. 59 at 5-6.] It contends that "[e]xpenditure of [the] time was appropriate, where Five Star had no choice but to seek court intervention." [Filing No. 59 at 6.] Finally, Five Star argues that Mr. Wyatt's former counsel should be responsible for a portion of the total attorneys' fees it seeks – $10,317.00 in attorneys' fees incurred from February 18, 2021 through March 1, 2021 – because the work "was the result of [Mr. Wyatt's attorney's] delays and improper filings." [Filing No. 59 at 7-8.]

Mr. Wyatt did not file a response to the Petition, but his former counsel did. [Filing No. 64.] Mr. Wyatt's former counsel argues that he sought leave to file a belated response to Five Star's Motion to Show Cause which the Court granted, and that, although he erroneously submitted an unsigned declaration with the response, he promptly corrected the error and there was no substantive change to the corrected declaration. [Filing No. 64 at 2.] Mr. Wyatt's former counsel contends that although Five Star moved to strike the corrected declaration, the Court denied Five Star's motion. [Filing No. 64 at 3.] He argues that he moved to withdraw from the case on April

15, 2021 due to a deterioration in the attorney-client relationship, and that the Court granted the motion despite Five Star's opposition. [Filing No. 64 at 4-5.] Mr. Wyatt's former counsel asserts that Five Star's counsel was required by Fed. R. Civ. P. 11 to bring the unsigned declaration to his attention, and that Five Star seeks sanctions "based, in part, on their own failure to follow the Rules of Court or to familiarize themselves with Rule 11 or the Court's Local Rules." [Filing No. 64 at 7.] He argues that "[t]here is no allegation or basis to find that the filing of the unsigned declaration was a willful violation or intentional abuse of the judicial process or that the undersigned counsel otherwise conducted litigation in bad faith." [Filing No. 64 at 9.]

### A.     Mr. Wyatt's Obligation to Pay Attorneys' Fees and Costs

Mr. Wyatt did not respond to Five Star's Petition, and has therefore waived any opposition. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."); *De v. City of Chicago*, 912 F. Supp. 2d 709, 734 (N.D. Ill. 2012) ("Failure to set forth any evidence or to develop any arguments in opposition to the moving party's [motion] results in waiver."). Additionally, because he has failed to respond, the Court may summarily rule on Five Star's Petition. L.R. 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline."). Further, the Court finds based on the Declaration of Attorney Alexandra Oxyer, [Filing No. 59-2], and the table setting forth the work performed, the amount of time spent, and the attorneys' fees incurred, [Filing No. 59-1], that the attorneys' fees and costs Five Star seeks are reasonable. *Fox,* 563 U.S. at 838 (goal in awarding attorneys' fees and costs is "to do rough justice, not to seek auditing perfection").

Accordingly, the Court **GRANTS IN PART** Five Star's Petition to the extent it awards **$48,810.80** in attorneys' fees and costs against Mr. Wyatt.

### B. Mr. Wyatt's Former Counsel's Obligation to Pay a Portion of Five Star's Attorneys' Fees

Five Star requests that the Court order Mr. Wyatt's former counsel to pay $10,317 in attorneys' fees that it incurred from February 18, 2021 to March 1, 2021 due to counsel's "delays and improper filings." [Filing No. 59 at 8.] Five Star points to the following statement in Magistrate Judge Baker's March 23, 2021 Report and Recommendation:

> Plaintiff's counsel's conduct also has caused Defendant to incur legal expenses. Counsel failed to timely submit a response brief, and when he finally did, counsel failed to submit a properly signed affidavit. As a result, Defendant was needlessly forced to spend additional time on this matter, evidenced by the three reply briefs Defendant filed. If Defendant files a motion seeking attorneys fees, Plaintiff's counsel may be responsible for fees Defendant incurred as a result of counsel's missteps.

[Filing No. 42 at 7.]

The Court acknowledges that Mr. Wyatt's former counsel filed Mr. Wyatt's response to Five Star's Motion for Order to Show Cause after the deadline for doing so had passed, and with an unsigned Declaration. [*See* Filing No. 31.] But Five Star's counsel's review of the late response, strategy meetings, and preparation of a reply brief still would have been undertaken if the response brief had been timely filed. Further, it was Five Star's choice to oppose Mr. Wyatt's counsel's efforts to file a corrected declaration, and the Magistrate Judge ultimately rejected Five Star's arguments. [Filing No. 39.]

Mr. Wyatt's former counsel admittedly engaged in two missteps – filing Mr. Wyatt's response to the Motion to Order to Show Cause late and attaching an unsigned declaration to the response. But the focus of the award of attorneys' fees and costs in this case is on Mr. Wyatt's egregious conduct toward Five Star, its employees, and its counsel. There is no indication that Mr. Wyatt's former counsel was somehow complicit in that conduct. Indeed, Mr. Wyatt's former counsel moved to withdraw from this case in April 2021, stating that the attorney-client

relationship with Mr. Wyatt "has deteriorated to a point that the undersigned's continued representation is no longer reasonable or productive making withdrawal the appropriate action for the undersigned in this matter." [Filing No. 46 at 1.] The Court granted the Motion to Withdraw, despite Five Star's opposition. [Filing No. 55.] While the fact that counsel no longer represents Mr. Wyatt does not affect whether counsel could still be responsible for attorneys' fees based on his actions while he still represented Mr. Wyatt, it indicates to the Court that Mr. Wyatt's conduct – which, again, is the focus of the award of attorneys' fees and costs – was not condoned by his counsel.

In sum, Mr. Wyatt's former counsel's conduct simply does not rise to a level warranting sanctions.[1] The Court **DENIES IN PART** Five Star's Petition to the extent that it seeks attorneys' fees from Mr. Wyatt's former counsel.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Five Star's Petition for Attorneys' Fees and Costs, [59], to the extent it awards **$48,810.80** in attorneys' fees and costs against Mr. Wyatt. The Court **DENIES IN PART** Five Star's Petition for Attorneys' Fees and Costs, [59], to the extent it finds that Mr. Wyatt's former counsel is not responsible for the attorneys' fees Five Star seeks from him. Final judgment shall enter accordingly.

Date: 11/1/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] The Court also notes that to the extent Five Star seeks attorneys' fees from Mr. Wyatt's former counsel under Fed. R. Civ. P. 11, it did not comply with Rule 11(c) which required it to move for sanctions against Mr. Wyatt's former counsel in a separate motion "served under Rule 5, but…not…filed or…presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Patrick L. Wyatt
8314 Picadilly Lane
Indianapolis, IN 46256